# EXHIBIT 1

## General Civil Case Filing Information Form (Non-Domestic)

**Court**          **County** Dougherty          **Date Filed** 09/23/2015
☑ **Superior**                                                 MM-DD-YYYY
☐ **State**           **Docket #** 15 CV 1422-2

### Plaintiff(s)

Bullington, Kenneth E.

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

**No. of Plaintiffs** ___1___

**Plaintiff/Petitioner's Attorney**     ☐ Pro Se

Middleton, Frank F., IV

| Last | First | Middle I. | Suffix |
|------|-------|-----------|--------|

**Bar #** 504745

### Defendant(s)

Precise, M. C.

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

Strength, Jon F.

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

Strength, David N.

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

Michael C. Precise, DMD, PA d/b/a Dixieland Dental

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

**No. of Defendants** ___5___

---

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☐ Other General Civil (Specify) _____

---

### If Tort is Case Type:
#### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☑ Other Professional Negligence

☐ Product Liability

☐ Other (Specify) _____

---

**Are Punitive Damages Pleaded?** ☐ Yes ☑ No

---

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

## IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

KENNETH E. BULLINGTON,                :
                                      :
    Plaintiff,                      :
                                      :
v.                                    :    CIVIL ACTION NO. 15 CV 1422-2
                                      :
M. C. PRECISE, DMD, JON F.            :
STRENGTH, DMD, DAVID N.               :
STRENGTH, DMD, and MICHAEL C.         :    **JURY TRIAL DEMANDED**
PRECISE, D.M.D., P.A. d/b/a DIXIELAND :
DENTAL, and DIXIELAND DENTAL          :    *2nd original*
                                      :
    Defendants.                     :

### SUMMONS

TO:    M.C. PRECISE, DMD
        15622 South U.S. Highway 231
        Midland City, AL 36350

        You are hereby summoned and required to file with the Clerk of said Court and serve upon the

Plaintiff's attorney, whose name and address is:

        F. Faison Middleton, IV
        Watson Spence LLP
        320 Residence Avenue
        Post Office Box 2008
        Albany, Georgia 31702-2008

an answer to the Complaint which is herewith served upon you, within 30 days after service of this

summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken

against you for the relief demanded in the Complaint. If you are a corporation, be advised that Georgia

law requires that you be represented by an attorney in this matter.

        This 23 day of September, 2015.

                Clerk,

                By: *Susan P. Williams*
                    Superior Court of Dougherty County, Georgia

00159377

2015 SEP 23 PM 4:05

## IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
### STATE OF GEORGIA

KENNETH E. BULLINGTON,                :
                                      :
    Plaintiff,                        :
                                      :
v.                                    :          CIVIL ACTION NO. 15 CV 1422-2
                                      :
M. C. PRECISE, DMD, JON F.            :
STRENGTH, DMD, DAVID N.               :
STRENGTH, DMD, and MICHAEL C.         :          **JURY TRIAL DEMANDED**
PRECISE, D.M.D., P.A. d/b/a DIXIELAND :
DENTAL, and DIXIELAND DENTAL          :          2nd original
                                      :
    Defendants.                       :

### SUMMONS

TO:   JON F. STRENGTH, DMD
       15622 South U.S. Highway 231
       Midland City, AL 36350

       You are hereby summoned and required to file with the Clerk of said Court and serve upon the

Plaintiff's attorney, whose name and address is:

F. Faison Middleton, IV
Watson Spence LLP
320 Residence Avenue
Post Office Box 2008
Albany, Georgia 31702-2008

an answer to the Complaint which is herewith served upon you, within 30 days after service of this

summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken

against you for the relief demanded in the Complaint. If you are a corporation, be advised that Georgia

law requires that you be represented by an attorney in this matter.

       This 23 day of September, 2015.

Clerk,

By: Susan P. Williams
Superior Court of Dougherty County, Georgia

00159379

## IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
### STATE OF GEORGIA

KENNETH E. BULLINGTON,                    :
                                          :
    Plaintiff,                            :
                                          :
v.                                        :          CIVIL ACTION NO. 15 CV 1422-2
                                          :
M. C. PRECISE, DMD, JON F.                :
STRENGTH, DMD, DAVID N.                   :
STRENGTH, DMD, and MICHAEL C.             :          **JURY TRIAL DEMANDED**
PRECISE, D.M.D., P.A. d/b/a  DIXIELAND    :
DENTAL, and DIXIELAND DENTAL              :          2nd Original
                                          :
    Defendants.                           :

### SUMMONS

TO:    DAVID N. STRENGTH, DMD
        15622 South U.S. Highway 231
        Midland City, AL 36350

        You are hereby summoned and required to file with the Clerk of said Court and serve upon the

Plaintiff's attorney, whose name and address is:

F. Faison Middleton, IV<br>
Watson Spence LLP<br>
320 Residence Avenue<br>
Post Office Box 2008<br>
Albany, Georgia 31702-2008

an answer to the Complaint which is herewith served upon you, within 30 days after service of this

summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken

against you for the relief demanded in the Complaint. If you are a corporation, be advised that Georgia

law requires that you be represented by an attorney in this matter.

        This _23_ day of September, 2015.

                        Clerk,

                        By: _Susan P. Williams_
                           Superior Court of Dougherty County, Georgia

00159380

*(stamp: 2015 SEP 23 PM 4: 05)*

## IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

KENNETH E. BULLINGTON,                       :
                                             :
    Plaintiff,                           :
                                             :
v.                                           :   CIVIL ACTION NO. 15 CV 1422-2
                                             :
M. C. PRECISE, DMD, JON F.                   :
STRENGTH, DMD, DAVID N.                      :
STRENGTH, DMD, and MICHAEL C.                :   **JURY TRIAL DEMANDED**
PRECISE, D.M.D., P.A. d/b/a DIXIELAND        :
DENTAL, and DIXIELAND DENTAL                 :
                                             :   *2nd original*
    Defendants.                          :

### SUMMONS

TO:   MICHAEL C. PRECISE, DMD, P.A. d/b/a DIXIELAND DENTAL
       c/o M.C. Precise, DMD
       15622 South U.S. Highway 231
       Midland City, AL 36350

       You are hereby summoned and required to file with the Clerk of said Court and serve upon the

Plaintiff's attorney, whose name and address is:

                    F. Faison Middleton, IV
                    Watson Spence LLP
                    320 Residence Avenue
                    Post Office Box 2008
                    Albany, Georgia 31702-2008

an answer to the Complaint which is herewith served upon you, within 30 days after service of this

summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken

against you for the relief demanded in the Complaint. If you are a corporation, be advised that Georgia

law requires that you be represented by an attorney in this matter.

       This 23 day of September, 2015.

                            Clerk,

                            By: *Susan P. Williams*
                            Superior Court of Dougherty County, Georgia

00159381

## IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
### STATE OF GEORGIA

KENNETH E. BULLINGTON,                    :
                                          :
     Plaintiff,                        :
                                          :
v.                                        :        CIVIL ACTION NO. 15 CV 1422 -2
                                          :
M. C. PRECISE, DMD, JON F.                :
STRENGTH, DMD, DAVID N.                   :
STRENGTH, DMD, and MICHAEL C.             :        **JURY TRIAL DEMANDED**
PRECISE, D.M.D., P.A. d/b/a DIXIELAND     :
DENTAL, and DIXIELAND DENTAL              :        2nd Original
                                          :
     Defendants.                       :

### SUMMONS

TO:   DIXIELAND DENTAL
      c/o M.C. Precise, DMD
      15622 South U.S. Highway 231
      Midland City, AL 36350

     You are hereby summoned and required to file with the Clerk of said Court and serve upon the

Plaintiff's attorney, whose name and address is:

F. Faison Middleton, IV
Watson Spence LLP
320 Residence Avenue
Post Office Box 2008
Albany, Georgia 31702-2008

an answer to the Complaint which is herewith served upon you, within 30 days after service of this

summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken

against you for the relief demanded in the Complaint. If you are a corporation, be advised that Georgia

law requires that you be represented by an attorney in this matter.

     This 23 day of September, 2015.

Clerk,

By: Susan P. Williams
Superior Court of Dougherty County, Georgia

00159382

IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

KENNETH E. BULLINGTON,                    :
                                          :
        Plaintiff,                        :
                                          :
v.                                        :        CIVIL ACTION NO. 15 CV 1422-2
                                          :
M. C. PRECISE, DMD, JON F.                :
STRENGTH, DMD, DAVID N.                   :
STRENGTH, DMD, and MICHAEL C.             :        **JURY TRIAL DEMANDED**
PRECISE, D.M.D., P.A. d/b/a DIXIELAND     :
DENTAL, and DIXIELAND DENTAL              :
                                          :
        Defendants.                       :

## COMPLAINT FOR DAMAGES

NOW COMES the Plaintiff herein, KENNETH E. BULLINGTON, by and through his

undersigned counsel-of-record, and states as his Complaint as follows:

### I.   PARTIES, VENUE, AND JURISDICTION

-1-

Kenneth E. Bullington (hereinafter, "Plaintiff") is a resident of Worth County, Georgia.

-2-

Defendant M. C. Precise is a resident of the State of Alabama, and is subject to the

jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91 and 9-10-93. He may be

served with Summons and Complaint at his place of business located at 15622 South U.S.

Highway 231, Midland City, Alabama 36350.

-3-

Defendant Jon F. Strength is a resident of the State of Alabama, and is subject to the

jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91 and 9-10-93. He may be

served with Summons and Complaint at his place of business located at 15622 South U.S.

00159363

Highway 231, Midland City, Alabama 36350.

-4-

Defendant David N. Strength is a resident of the State of Alabama, and is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91 and 9-10-93. He may be served with Summons and Complaint at his place of business located at 15622 South U.S. Highway 231, Midland City, Alabama 36350.

-5-

Defendant Michael C. Precise, D.M.D., P.A. d/b/a Dixieland Dental is an entity owned and/or operated by M.C. Precise, Jon F. Strength and/or David N. Strength and which employs dentists and holds itself out as offering dental services to the public, including to the citizens of Alabama, Georgia and Florida; in the alternative Michael C. Precise, D.M.D., P.A. d/b/a Dixieland Dental is the business name associated with the entity which owns and operates the dental business promoted to the public as an entity known as "Dixieland Dental" and which is hereafter described and referred to in this Complaint as "Dixieland Dental". That term shall include any legal entity, whether a corporation, partnership or otherwise, which operates the dental business known as Dixieland Dental and which holds itself out to the public as offering competent dental services and holds out to the public that Defendants M.C. Precise, Jon F. Strength and/or David N. Strength are employees or agents of Dixieland Dental and are competent dentists. On information and belief M.C. Precise, Jon F. Strength and David N. Strength are employed by Dixieland Dental. Dixieland Dental may be served with Summons and Complaint by and through M.C. Precise, who is an officer, director, owner and agent of Dixieland Dental or the entity operating the business known as Dixieland Dental and holding itself out to the public as offering dental services, at the following address: 15622 South U.S.

Highway 231, Midland City, Alabama 36350.

-6-

Defendants M.C. Precise, Jon F. Strength and David N. Strength and Dixieland Dental market to the public by offering and advertising dental services to the citizens of Alabama, Georgia and Florida. They advertise on large signs and represent to the public that they are competent dentists. They advertise through the internet using videos and other marketing efforts using the local TV station, which has a coverage area that includes parts of Georgia. The Defendants engage in a continuous and consistent course of conduct whereby they purposefully and regularly seek business from Georgia residents such that it would be reasonably foreseeable that their conduct would subject them to the personal jurisdiction of this Court. These defendants derive substantial revenue from patients who are Georgia residents and regularly solicit business from Georgia residents. These Defendants send bills to Georgia residents and collect fees from Georgia residents. These Defendants committed tortious acts in Alabama which caused or contributed to injuries of the Plaintiff which occurred in the State of Georgia.

-7-

This Court has subject matter jurisdiction over these matters pursuant to Ga. Const. Art. 6 § 4 ¶ 1, and O.C.G.A. § 15-6-8.

-8-

Venue is proper pursuant to Ga. Const. Art. 6 § 2 ¶ VI as well as O.C.G.A. § 9-10-93.

-9-

This is an action for professional negligence in which the defendants are alleged to have violated the standard of care in providing dental care and treatment to the Plaintiff which caused subsequent injury, medical and other expenses, and pain and suffering of the Plaintiff. The

alleged negligence occurred in Dougherty County, Georgia as well as in Midland City, Alabama with the injury occurring primarily in Dougherty County Georgia. Jurisdiction and venue are proper in the Superior Court of Dougherty County.

## II.   FACTUAL BACKGROUND

-10-

Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs 1 through 9 as if such allegations were set forth verbatim herein.

-11-

Plaintiff is a 57 year-old nonsmoker who, in early 2009, was diagnosed with an abnormal node in the left upper neck that was believed to be metastatic disease.

-12-

Plaintiff underwent a bilateral tonsillectomy in February 2009.

-13-

The pathology revealed differentiated carcinoma involving the left tonsil and the right tonsils and contained a focus of squamous carcinoma in-situ.

-14-

Subsequently, Plaintiff underwent radiation treatment to the right and left sides of his neck.

-15-

Plaintiff was treated with 3-D conformal parallel opposed treatments to both primary sites for the cancer, meaning that radiation was administered to both sides of Plaintiff's neck and his jaw.

-16-

Plaintiff received extensive radiation treatment which included radiating the cancer and the surrounding areas once per day for approximately fourteen (14) weeks from February 11, 2009 through April 21, 2009.

-17-

On April 22, 2009, immediately following the cessation of his radiation treatments, Plaintiff was examined by his treating radiation oncologist who noted a palpable node of approximately one centimeter in diameter on the left side of Plaintiff's neck, deep in the submandibular area, ultimately leading to a surgery to remove the node via neck dissection on the left side.

-18-

By as early as May 27, 2009, Plaintiff's tumor was clinically eliminated and his physician noted there was no viable tumor or evidence of a viable malignancy on the left side of Plaintiff's neck.

-19-

An examination of Plaintiff on January 15, 2010 revealed no evidence of recurrent cancer in Plaintiff's oral cavity; the base of his tongue and peritonsillar areas; or his nasopharynx, hypopharynx and larynx.

-20-

To date, Plaintiff remains cancer free.

-21-

On July 28, 2010, Plaintiff presented to Dixieland Dental for a treatment plan for his dental care. He was seen by Dr. M.C. Precise.

-22-

Thereafter, on August 11, 2010, Plaintiff presented to Dixieland Dental at which point Dr. Jon F. Strength extracted teeth numbers 30 and 31 from the right mandible of Plaintiff.

-23-

Dr. Jon F. Strength did not prescribe or refer Plaintiff for hyperbaric oxygen before or after these extractions.

-24-

Dr. Jon F. Strength did not contact or consult with Plaintiff's treating radiation oncologist prior to these extractions and had no release or other information regarding the path, field or dosage of radiation from the radiation oncologist prior to such extractions.

-25-

Dr. Jon F. Strength did not provide Plaintiff with proper informed consent regarding the risks of tooth extractions ("extractions") in the mandible following radiation therapy for an oral cancer.

-26-

Dr. Jon F. Strength did not advise Plaintiff of the risks of extractions in the mandible following radiation therapy without hyperbaric oxygen or otherwise explain to the Plaintiff he should have hyperbaric oxygen prior to any extractions.

-27-

Dr. Jon F. Strength did not obtain a proper medical history from Plaintiff on August 11, 2011 before extracting mandibular teeth.

-28-

After the extractions on August 11, 2010, Plaintiff was seen by Dr. Jon F. Strength and/or

Dr. David N. Strength on September 22, 2010, October 27, 2010, November 17, 2010, December 8, 2010, and March 16, 2011.   At no point during these visits did either Dr. Jon F. Strength and/or Dr. David N. Strength obtain an x-ray to evaluate the condition of Plaintiff's right mandible.   Defendants Jon F. Strength and David N. Strength did not refer Plaintiff for hyperbaric oxygen, and did not tell Plaintiff they should have done so when Dr. Jon F. Strength extracted teeth number 30 and 31.   Defendants Jon F. Strength and David N. Strength did not contact or consult with Plaintiff's treating radiation oncologist concerning the extractions of teeth 30 and 31 and instead intentionally remained silent regarding this issue.   Plaintiff justifiably relied to his detriment on Defendants Jon F. Strength and David N. Strength and expected they would comply with the standard of care and would communicate to him any material fact that was relevant to his care and treatment.

-29-

Plaintiff was seen at Dixieland Dental again on May 11, 2011 by M. C. Precise.   At no point during this visit did Dr. M.C. Precise recommend or obtain an x-ray to evaluate the condition of Plaintiff's right mandible.   Defendant M.C. Precise did not refer Plaintiff for hyperbaric oxygen, and did not tell Plaintiff they should have done so when Dr. Jon F. Strength extracted teeth number 30 and 31.   On May 11, 2011, Dr. M. C. Precise did not contact or consult with Plaintiff's treating radiation oncologist concerning the prior extractions of teeth 30 and 31 and instead intentionally did not tell Plaintiff that he should do so or that Dr. Jon F. Strength should have done so when he extracted teeth 30 and 31.   Dr. M.C. Precise evaluated an area of sequestrum on May 11, 2011, but did not obtain an x-ray showing the condition of Plaintiff's right mandible.   Dr. M.C. Precise did not follow up with Plaintiff nor did Drs. Jon F. Strength or Dr. David N. Strength follow up to assess the condition of his mandible.

-30-

On September 25, 2012, Plaintiff presented to King Family Dental Care, P.C. ("King") in Albany, Georgia.

-31-

Plaintiff's chart from King includes a "Patient Medical History" completed by Plaintiff in which he notes his prior history of cancer and radiation therapy.

-32-

Between September 25, 2012 and March 8, 2013, King extracted five of Plaintiff's teeth.

-33-

On or about August 19, 2013, Defendant King extracted seven teeth along the Plaintiff's mandible, including along the right mandible.

-34-

Plaintiff presented to Dixieland Dental and was seen by Dr. David N. Strength on September 10, 2013. Dr. David N. Strength obtained a panoramic x-ray. He also extracted teeth numbers 5, 6, 7, 8, 10, and 13. Dr. David N. Strength entered a clinical note which stated that the panoramic x-ray was read as "normal." The x-ray was in fact not "normal." Dr. David N. Strength should have correctly read the x-ray and informed Plaintiff that he was developing an area of necrosis in the right mandible, including at or near the site of the prior extractions by Dr. Jon F. Strength at Dixieland Dental of teeth 30 and 31. Dr. David N. Strength did not tell Plaintiff about the x-ray, and instead intentionally failed and refused to advise Plaintiff he needed to have the condition of his mandible properly assessed, should receive hyperbaric oxygen, and that he should be seen by his radiation oncologist. Plaintiff justifiably relied to his detriment on Defendant David N. Strength and expected he would comply with the standard of care and would communicate to him any material fact that was relevant to his care and treatment.

-35-

From September 10, 2013 through the present, Dr. David N. Strength has failed to properly advise Plaintiff of the true and appropriate result of his panoramic x-ray taken on September 13, 2013. No person from Dixieland Dental has done so.

-36-

Further, given that Plaintiff presented with evidence of recent extractions of teeth along his mandible (teeth 22 through 29), Dr. David N. Strength failed to take an appropriate medical history and document these recent extractions in the mandible. Dr. David N. Strength failed to advise the Plaintiff of the need for hyperbaric oxygen in light of these recent extractions and in light of his knowledge of Plaintiff's history of radiation treatment for cancer. Dr. David N. Strength failed to contact or consult Plaintiff's treating radiation oncologist. Dr. David N. Strength was on notice at this time of the extractions performed by Dixieland Dental and Dr. Jon F. Strength of teeth 30 and 31 as that was noted in the chart,

-37-

In early 2014, Plaintiff experienced significant pain along his right mandible.

-38-

On or about February 9, 2014 and February 20, 2104, Plaintiff presented at a hospital outpatient facility complaining of tremendous pain in his right mandible. Ultimately, Plaintiff was advised to seek consultation with a dentist for the jaw pain and possible jaw infection.

-39-

On March 10, 2014 Plaintiff presented to Brad J. Harris, DMD (hereinafter, "Dr. Harris"), an oral and maxillofacial surgeon, who conducted an examination of Plaintiff's lower right jaw.

-40-

Dr. Harris noted Plaintiff was suffering from an obvious osteolytic (dissolving) bone right mandible and further noted that Plaintiff had a pathologic fracture in his right mandible.

-41-

Dr. Harris noted that Plaintiff had exposed bone on the right mandible that measured 4 cm x 3 cm.

-42-

Plaintiff's lower right mandible was positive for erythema and Plaintiff was experiencing severe pain to touch.

-43-

According to Dr. Harris, Plaintiff's symptoms on March 10, 2014 were consistent with prior extractions by a general dentist in the right mandible.

-44-

Plaintiff was diagnosed by Dr. Harris as having severe osteoradionecrosis (bone death due to exposure to radiation and loss of blood supply due to unmanaged infection and wound healing) that was compounded by a pathologic fracture of the right mandibular angle, status post extractions by a general dentist.

-45-

Dr. Harris referred Plaintiff to Phoebe Wound Care Clinic for thirty (30) dives of hyperbaric oxygen to be followed by surgical resection and then another 10 dives of hyperbaric oxygen.

-46-

Dr. Harris also prescribed 15 ml of Peridex to Plaintiff with instructions to "swish and

spit" every six hours.

-47-

On or about March 12, 2014, Plaintiff followed up with his radiation oncologist, Dr. Charles C. Mendenhall, M.D. ("Dr. Mendenhall"). Dr. Mendenhall noted that Plaintiff remained cancer free with no evidence of a recurrent tumor.

-48-

However, Dr. Mendenhall noted a "foul smelling bone" exposed in the right posterior mandible that measured approximately 3.5 centimeters.

-49-

Dr. Mendenhall scheduled him for a Mancuso scan and further referred Plaintiff to Dr. Arturo Solares in Augusta, Georgia for a surgical consult for given the extensive disease present along his right mandible.

-50-

Plaintiff first presented to Dr. Arturo Solares, M.D. (hereinafter, "Dr. Solares") on or about March 28, 2014. At that time, Plaintiff was in tremendous pain, unable to open his mouth or chew food.

-51-

On May 29, 2014, Dr. Solares performed a mandibulectomy, suprahyoid neck dissection, and tracheostomy. The procedure revealed a pathologic fracture of Plaintiff's right mandible which required Dr. Solares to remove a portion of the right mandible using an oscillating saw. Dr. Solares also had to place a trach tube in Plaintiff's airway.

-52-

On August 8, 2014, Plaintiff underwent a second surgical procedure performed by Dr.

Solares. The purpose of this procedure was to harvest bone from Plaintiff's left leg to place in his right mandible. During the procedure, an additional mandibulectomy was necessary to remove devitalized bone and provide a foundation for the bone graft.

-53-

Plaintiff underwent a third surgical procedure with Dr. Solares on December 12, 2014 as a result of hardware exposure with surrounding granulation tissue, and continued drainage from the surgical site and below his jaw along the incision line. Dr. Solares inserted a pectoralis flap to seal the defect in Plaintiff's right mandible.

-54-

In June 10, 2015, Plaintiff underwent yet another procedure to remove the hardware in his jaw due to "persistently draining wound and infected prosthetic mandibular bar following mandibular reconstruction." He had additional devitalized bone removed, leaving him without a portion of his mandible forever.

-55-

Plaintiff has endured months of pain, including but not limited to the pain and suffering associated with the development of osteoradionecrosis, severe infection, numerous surgical procedures involving harvesting bone and skin for grafting in his jaw and on his neck, pain from daily hygiene regimens, lost sleep, and a seriously diminished quality of life.

-56-

Plaintiff is continuing to suffer pain and discomfort and will continue to suffer pain and discomfort for the foreseeable future as will be proven at trial.

## COUNT I
## PROFESSIONAL NEGLIGENCE

-57-

Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs 1 through 56 as if such allegations were set forth verbatim herein.

-58-

At all times material hereto, Defendants M.C. Precise, David N. Strength and Jon F. Strength had a dentist-patient relationship with Plaintiff.

-59-

Defendants M.C. Precise, David N. Strength and Jon F. Strength owed Plaintiff a duty to exercise that degree of care and skill exercised by members of the dental profession generally under similar conditions and like surrounding circumstances.

-60-

Defendants M.C. Precise, David N. Strength and Jon F. Strength breached the standard of care in their care and treatment of the Plaintiff, including but not limited to, through the following acts and omissions:

a.   As to Dr. David N. Strength and Dr. Jon F. Strength, extracting mandibular teeth on August 11, 2010 without consulting with the treating radiation oncologist to obtain information concerning the dosage and the field and path of radiation, especially after noting that a "release" would be a necessary condition of the extractions;

b.   As to Dr. David N. Strength, Dr. Jon F. Strength and Dr. M.C. Precise, failing to document any informed consent with the patient regarding the specific and serious risks for an extraction of teeth along the mandible following treatment for oral

00159363                                   - 13 -

cancer involving radiation;

c.  As to Dr. David N. Strength and Dr. Jon F. Strength, failing to appropriately assess the necessity of extracting mandibular teeth in light of Mr. Bullington's medical history, which included chemotherapy and radiation therapy for an oral cancer, and failing to consider other treatment options including rootbanking on the lower teeth (crown removal and endodontics/root canal treatment) as well as and failing to document a discussion with the patient that extractions should be avoided unless absolutely necessary or to otherwise explore more conservative treatment options;

d.  As to Dr. David N. Strength and Dr. Jon F. Strength, failing to ensure the administration of hyperbaric oxygen at the time of the extractions, which is standard of care and failure to document any discussion with patient regarding hyperbaric oxygen and the risks of extractions without it;

e.  Failing to document any discussion with Mr. Bullington concerning the specific risks associated with extracting mandibular teeth following the administration of radiation and chemotherapy to the mandible;

f.  As to Dr. David N. Strength, and as it relates to the patient visit on September 10, 2013, failing to consult with the radiation oncologist, failing to document a discussion with the patient of the specific risks of extractions, failing to document any discussion regarding the use of hyperbaric oxygen, and failing to properly read a panoramic x-ray that was obtained and read as "normal" when in fact the x-ray showed a developing area of osteoradionecrosis which could and should have been addressed at that time;

g.  As to David N. Strength, and as it relates to the panoramic x-ray obtained on

September 10, 2013, failing to assess that additional teeth had been removed along Mr. Bullington's mandible and to document a discussion about this aspect of the patient's history; failing to note anything about the wound on the mandible which would have been trying to heal; failing to appropriately read the panoramic x-ray obtained and to take appropriate steps to recommend care and treatment based upon that x-ray, including recommending hyperbaric oxygen, calling the treating radiation oncologist, calling the dentist or oral surgeon who removed the mandibular teeth (should have been elicited in a medical history discussion) to discuss the recent extractions and the potential complications, failing to refer the patient to an oral surgeon for evaluation, failing to perform a proper physical exam or to document a proper physical exam which necessarily required an evaluation of the recent extractions whether or not the patient was given hyperbaric oxygen.

-61-

As a proximate result of the negligence of Defendants M.C. Precise, David N. Strength and Jon F. Strength, Plaintiff has incurred substantial medical expenses and related expenses for home healthcare and lifestyle changes.

-62-

As a proximate result of the negligence of Defendants M.C. Precise, David N. Strength and Jon F. Strength, Plaintiff has suffered, and will continue to suffer, severe and permanent physical injuries, loss of feeling, loss of use, scarring, physical and mental pain and suffering, and embarrassment.

-63-

As a proximate result of the negligence of Defendants M.C. Precise, David N. Strength

and Jon F. Strength, Plaintiff has suffered lost capacity to labor and earn a living and also lost wages in amounts to be proven at trial.

-64-

Attached hereto in compliance with O.C.G.A. § 9-11-9.1 are the expert affidavits of John W. Bruce, Jr., D.D.S. (Exhibit "A") and of Dr. Robert K. Hunt, DDS, MD (Exhibit "B").

## COUNT II
## VICARIOUS LIABILITY

-65-

Plaintiff adopts and incorporates by reference the allegations contained in the preceding paragraphs 1 through 64 as if such allegations were set forth verbatim herein.

-66-

At all times material hereto, Defendants M.C. Precise, David N. Strength and Jon F. Strength were practicing as an employee or agent of Defendant Dixieland Dental.

-67-

At all times material hereto, Defendants M.C. Precise, David N. Strength and Jon F. Strength were acting within the course and scope of his employment or agency Dixieland Dental.

-68-

Defendant Dixieland Dental is therefore vicariously liable and responsible for the negligence of Defendants M.C. Precise, David N. Strength and Jon F. Strength under the doctrine of respondeat superior, agency or apparent agency, and are therefore liable for all damages flowing from their actions.

## APPLICATION OF GEORGIA LAW

-69-

Pursuant to the doctrine of lex loci delicti, Georgia tort law applies to this action.

-70-

Pursuant to the doctrine of lex fori, Georgia law applies to procedural or remedial issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that he have a trial on all issues and judgment against Defendants as follows:

a.    That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.    That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

c.    That a judgment be entered against Defendants for all damages permissible under Georgia law caused to Plaintiff due to the negligence and malpractice of Defendants in an amount as the jury may assess;

d.    That Plaintiff recover such other relief as is just and proper;

e.    That at least six (6) months be allowed to complete discovery;

f.    That all issues be tried before a jury; and

g.    That all costs of this action be taxed against Defendants.

Respectfully submitted this 23rd day of September, 2015.

WATSON SPENCE LLP
*Attorneys for Plaintiff*

By: F. Faison Middleton, IV by Ottatenns 507739

F. Faison Middleton, IV
Georgia State Bar No.: 504745
fmiddleton@watsonspence.com

00159363                        - 17 -

Christopher S. Cohilas
Georgia Bar No.: 175377

Alfreda L. Sheppard
Georgia Bar No.: 525106

320 W. Residence Avenue
P. O. Box 2008 (31702)
Albany, Georgia  31701
(229) 436-1545  Telephone
(229) 436-6358  Facsimile

## AFFIDAVIT OF JOHN W. BRUCE, JR., DDS

STATE OF GEORGIA

COUNTY OF FULTON

COMES NOW, John W. Bruce, Jr., DDS, who after being sworn deposes and states as follows:

1.

I am over 18 years of age, suffer from no disabilities and am competent to give this affidavit. I am licensed to practice dentistry in the state of Georgia and have been actively practicing dentistry since 1976. A copy of my Curriculum Vitae is attached hereto as Exhibit A. I am familiar with the standards of care applicable to dentists practicing under similar conditions and like surrounding circumstances as those reflected in the records of dental care provided to Kenneth E. Bullington by Dr. M. C. Precise, Dr. David N. Strength and Dr. Jon F. Strength and/or Dixieland Dental from August 2010 through September 2013. I have personal knowledge of the information set forth herein from which my opinions are based.

2.

I have reviewed the chart of Kenneth E. Bullington which I understand was provided to Mr. Bullington's counsel by Dixieland Dental. I have also reviewed records from other providers, including Dr. Brad Harris, Dr. Charles Mendenhall, King Family Dentistry, and Georgia Regents Hospital (including the records of Dr. Arturo Solares). I have also reviewed medical narratives from Dr. Harris, Dr. Mendenhall and Dr. Solares.

3.

Exh A

Based on my personal knowledge of Mr. Bullington's case, and my background, training, and experience, it is my opinion to a reasonable degree of medical certainty that Drs. M.C. Precise, Jon F. Strength and David N. Strength, who I understand are employed or associated with Dixieland Dental in Midland City, Alabama, breached the standard of care in their treatment of Kenneth Bullington. In my review of the records from Dixieland Dental, I have been provided information correlating the designations of DMD1, DMD2 and DMD3 with the particular provider at Dixieland Dental. I have been advised that DMD1 is M.C. Precise; DMD2 is Jon F. Strength and DMD3 is David N. Strength and assume that to be true for purposes of this Affidavit. Specifically, they breached the standard of care in the following respects:

a.      As to Dr. David N. Strength and Dr. Jon F. Strength, prior to extracting teeth numbers 30 and 31 in the right mandible, failing to consult the treating radiation oncologist or oncologist to determine the path and field of radiation and the dosage;

b.      As to Dr. Jon F. Strength, failing to follow up and obtain the "release" from the radiation oncologist as noted in the chart;

c.      As to Dr. Jon F. Strength, failing to appropriately assess the necessity of extracting mandibular teeth numbers 30 and 31 in light of Mr. Bullington's medical history, which included chemotherapy and radiation therapy for an oral cancer and failing to document a discussion with the patient that extractions should be avoided unless absolutely necessary or to otherwise explore more conservative treatment options or refer the patient to an oral surgeon;

d.      As to Dr. David N. Strength, Dr. Jon F. Strength and Dr. M.C. Precise,

failing to document a discussion and consent of the patient which details the specific and serious risks for an extraction of teeth along the mandible following treatment for oral cancer involving radiation therapy;

e.       As to Dr. David N. Strength and Dr. Jon F. Strength, failing to appropriately assess the necessity of extracting mandibular teeth given the history of radiation treatment for tonsillar cancer and failing to consider and/or pursue other treatment options including referral to an oral surgeon for evaluation;

f.       As to Dr. David N. Strength and Dr. Jon F. Strength, failing to discuss and document the need for hyperbaric oxygen treatment prior to tooth extractions to substantially reduce the risks associated with extractions post-irradiation, including specifically the risk of developing infection or exposed bone leading to osteoradionecrosis, including the failure to document any discussion regarding hyperbaric oxygen;

g.       As to Dr. David N. Strength, and as it relates to the patient visit on September 10, 2013, to properly read a panoramic x-ray that was obtained and read as "normal" instead of noting an area of concern in the right mandible and referring Plaintiff to an oral surgeon for further evaluation;;

h.       As to David N. Strength, and as it relates to the visit on September 10, 2013, failing to note and discuss with Plaintiff the apparent extraction of additional teeth along the mandible and take an appropriate medical history so that additional treatment could be considered, including hyperbaric oxygen and referral to an oral surgeon as well as a consult with the treating

radiation oncologist; failing to consult with or contact the whomever had extracted additional mandibular teeth to discuss the recent extractions and the potential complications.

4.

Within a reasonable degree of medical certainty, these breaches of the standard of care substantially contributed to Mr. Bullington's subsequent injuries by creating a situation leading to the development of osteoradionecrosis and a weakened mandible, which injuries manifested themselves in February 2014 after Dr. Charles King, Jr. had extracted teeth along Plaintiff's mandible, including the right mandible. I have previously opined, and it remains my opinion, that Dr. King violated the standard of care and his conduct contributed to the injuries of Plaintiff. Additionally, within a reasonable degree of medical certainty, the pathologic fracture, infection, and subsequent mandibulectomy, which was extensive and which were required to replace and repair Mr. Bullington's right mandible, could have been avoided had Dixieland Dental and its dentists complied with the standard of care.

5.

I hereby state that my opinions are not necessarily an exhaustive list of breaches of the standard of care or the resulting injuries. I understand this affidavit may be used by Mr. Bullington to satisfy the requirements of O.C.G.A. § 9-11-9.1(a) as well as any other evidentiary requirement of any other State.

6.

This affidavit is given for any and all purposes allowed under Georgia law or other applicable law.

FURTHER AFFIANT SAYETH NOT.

_____ DDS

JOHN W. BRUCE, JR., DDS

Sworn to and subscribed before me,
this _16_ day of September, 20__

_____
Notary Public
My commission expires: 09/13/20__

00157965

# JOHN W. BRUCE, D.D.S., P.C.

## CURRICULUM VITAE

**PERSONAL**

| | |
|---|---|
| Name: | John W. Bruce, D.D.S., F.A.G.D. |
| Home Address: | 1107 Crest Valley Drive<br>Atlanta, Georgia 30327 |
| Office Address: | John W. Bruce D.D.S., P.C.<br>1816 Independence Square, Suite B<br>Dunwoody, Georgia 30338<br>Telephone: (770) 399-9199<br>Facsimile: (770) 399-6746 |
| Date of Birth: | April 21, 1950 |
| Marital Status: | Married |

**EDUCATION**

| | | |
|---|---|---|
| 1968-1972 | Emory University | B.A. |
| 1972-1976 | Emory University<br>School of Dentistry | D.D.S. |

**PROFESSIONAL AFFILIATIONS**

American Dental Association
Georgia Dental Association
Academy of General Dentistry- Fellowship
Northern District Dental Society

## PROFESSIONAL AFFILIATIONS con't

American Academy of Implant Dentistry
International College of Oral Implantologists- Fellowship
The American Orthodontic Society
International Association for Orthodontics
Norcross Dental Study Club
American Academy of Cosmetic Dentistry
Georgia Academy of Cosmetic Dentistry
Dental Organization for Conscience Sedation

## PRIVATE PRACTICE

Restorative Dentistry                          1976 -Present

## CURRENT STATE LICENSURE

Georgia
Florida

Now

## AFFIDAVIT OF ROBERT K. HUNT, DDS, MD, FACS

COMES NOW, Robert K. Hunt, DDS, MD, FACS, who after being sworn deposes and states as follows:

1.

I am of the age of majority. I am licensed to practice dentistry and licensed to practice medicine in the State of Georgia. I hold a Georgia General Anesthesia License. I have been actively engaging in dentistry since 1985 and oral surgery since 1989. I am also a board certified oral and maxillofacial surgeon, having been certified originally in 1991 and recertified in 2001 and 2011. I am also board certified in cosmetic surgery since 1997. A copy of my Curriculum Vitae is attached hereto as Exhibit A.

2.

I am familiar with the standards of care applicable to dentists and oral surgeons who perform tooth extractions in the same or similar conditions and like surrounding circumstances as those reflected in the records of dental and medical care provided to Kenneth E. Bullington by both King Family Dentistry and Dixieland Dental from 2010 through 2013. Extraction of a tooth is oral surgery. Whether a tooth is extracted by a general dentist who chooses to perform the procedure or an oral surgeon, the standard of care is the same. I have personal knowledge of the information set forth herein from which my opinions are based.

3.

I have reviewed the dental and/or medical records of Kenneth E. Bullington from Dixieland Dental, King Family Dentistry, Dr. Brad Harris, Albany ENT, as well as Medical Narratives from Drs. Brad Harris, Charles Mendenhall and Arturo Solares. I also have reviewed the records from Dr. Mendenhall at Radiation Oncology Associates and the records of Georgia Regents Hospital.

00158938

Exh B

4.

Based on my personal knowledge of Mr. Bullington's case, and my background, training, and experience, it is my opinion to a reasonable degree of medical and dental certainty that Charles King, Jr., who I understand is employed by King Family Dentistry, breached the standard of care in his treatment of Kenneth Bullington. Specifically, Dr. King breached the standard of care in the following respects:

a.   Failing to document a proper medical history in his chart, including detail of the prior history of cancer and radiation treatment (the lack of an appropriate medical history in the chart suggests a failure to take a proper medical history);

b.   Failing to obtain a diagnostic panoramic x-ray to evaluate the condition of Mr. Bullington's mandible prior to considering tooth extractions along the mandible and given the prior history of an oral cancer treated with radiation therapy as acknowledged by Dr. King in his notes and as noted by Mr. Bullington in the medical history form he completed;

c.   Failing to document any informed consent with the patient regarding the serious risks for an extraction of teeth along the mandible following treatment for oral cancer involving radiation (the absence of any proper records regarding informed consent or notes regarding any discussions of risks strongly implies a failure to give proper informed consent);

d.   In obtaining periapical x-rays, failing to ensure they were of good quality and would show the whole root prior to considering the extraction of teeth in the mandible;

e.   Failing to consult with the treating radiation oncologist concerning the potential

extractions of teeth along the mandible to obtain information concerning the dosage and the general field and path of radiation and failing to obtain the opinion from such treating radiation oncologist regarding any planned extractions, alveoplasty, and/or other trauma to the mandible;

f.  Failing to appropriately assess the necessity of extracting mandibular teeth in light of Mr. Bullington's medical history, which included radiation therapy for an oral cancer, and failing to consider other treatment options including rootbanking on the lower teeth (crown removal and endodontics/root canal treatment) as well as and failing to document a discussion with the patient that extractions should be avoided unless absolutely necessary or to otherwise explore more conservative treatment options or other treatment modalities to accompany any necessitated oral surgery (including but not limited to hyperbaric oxygen);

g.  Failing to ensure the administration of hyperbaric oxygen before and after the extractions, which is standard of care if and when an extraction is deemed absolutely necessary and failure to document any discussion with patient regarding hyperbaric oxygen and the risks of extractions without it;

h.  Failing to document any discussion with Mr. Bullington concerning the specific risks associated with extracting mandibular teeth following the administration of radiation to the mandible;

i.  Failing to consult with an oral surgeon and instead performing multiple extractions along the mandible at the same time and further complicating matters by elevating flaps and traumatizing the bone and compromising the blood supply to the bone further by doing alveoplasty on August 13, 2013;

j.    Performing extractions of multiple teeth at the same time, in this case extracting 7 mandibular teeth at the same time, and performing alveoplasty which would have necessarily involved exposing and traumatizing the bone and compromising blood supply to the bone of the mandible posterior to the site of the extractions (i.e. along the mandible at the location of tooth number 30 and possibly more posterior toward tooth 31), interrupting blood supply (including the microvascular structure in the tissue) by elevating gingival tissue flaps and introducing trauma to the right mandible, all of which substantially increased the likelihood of infection, potential for leaving exposed bone or having that develop after the procedure in the ensuing months, and the development of osteoradionecrosis or propagating the progression of osteoradionecrosis and pathologic facture of the mandible.

k.    Failing to do appropriate follow up with Mr. Bullington, including documenting an effort to follow the patient and evaluate his recovery and therefore failing to determine that he had exposed bone and was developing infection, which became clear in February and March 2014.

5.

Within a reasonable degree of medical certainty, these breaches of the standard of care substantially contributed to the loss of Mr. Bullington's right mandible, the mandibulectomy and related surgical procedures. These breaches contributed to Mr. Bullington being in a critical and unrecoverable situation by the time Mr. Bullington presented to the emergency clinic in Albany in February 2014 and by the time he was seen by Dr. Brad Harris in March 2014. Within a reasonable degree of medical certainty, these breaches increased the risk of infection and loss of bone and pathologic fracture of the mandible, all of which in fact occurred and contributed to the

ultimate loss of his right mandible and the subsequent surgeries.

### 6.

In my review of the records from Dixieland Dental, I have been provided information correlating the designations of DMD1, DMD2 and DMD3 with the particular provider at Dixieland Dental. I have been advised that DMD1 is M.C. Precise; DMD2 is Jon F. Strength and DMD3 is David N. Strength.

### 7.

Based on my personal knowledge of Mr. Bullington's case, and my background, training, and experience, it is my opinion to a reasonable degree of medical certainty that Drs. M.C. Precise, Jon F. Strength and David N. Strength, who I understand are employed or associated with Dixieland Dental in Midland City, Alabama, breached the standard of care in their treatment of Kenneth Bullington. Specifically, they breached the standard of care in the following respects:

    a.    As to Dr. David N. Strength and Dr. Jon F. Strength, prior to extracting teeth, failing to consult with the treating radiation oncologist to obtain information concerning the dosage and the field and path of radiation, especially after noting that a "release" would be necessary before proceeding with extractions;

    b.    As to Dr. David N. Strength, Dr. Jon F. Strength and Dr. M.C. Precise, failing to document any informed consent with the patient regarding the specific and serious risks for an extraction of teeth along the mandible following treatment for oral cancer involving radiation;

    c.    As to Dr. David N. Strength and Dr. Jon F. Strength, failing to appropriately assess the necessity of extracting mandibular teeth in light of

00158938

Mr. Bullington's medical history, which included radiation therapy for an oral cancer, and failing to consider other treatment options including rootbanking on the lower teeth (crown removal and endodontics/root canal treatment) as well as and failing to document a discussion with the patient that extractions should be avoided unless absolutely necessary with pre-operative and post-operative hyperbaric oxygen treatment or to otherwise explore more conservative treatment options;

d.   As to Dr. David N. Strength and Dr. Jon F. Strength, failing to ensure the administration of hyperbaric oxygen at the time of the extractions, which is standard of care and failure to document any discussion with patient regarding hyperbaric oxygen and the risks of extractions without it;

e.   Failing to document any discussion with Mr. Bullington concerning the specific risks associated with extracting mandibular teeth following the administration of radiation to the mandible;

f.   As to Dr. David N. Strength, and as it relates to the patient visit on September 10, 2013, failing to consult with the radiation oncologist, failing to document a discussion with the patient of the specific risks of extractions, failing to document any discussion regarding the use of hyperbaric oxygen, and failing to properly read a panoramic x-ray that was obtained and read as "normal" when in fact the x-ray showed a developing area of osteoradionecrosis which could and should have been addressed at that time;

g.   As to David N. Strength, and as it relates to the panoramic x-ray obtained

on September 10, 2013, failing to assess that additional teeth had been removed along Mr. Bullington's mandible and to document a discussion about this aspect of the patient's history; failing to note anything about the wound on the mandible which would have been trying to heal; failing to appropriately read the panoramic x-ray obtained and to take appropriate steps to recommend care and treatment based upon that x-ray, including recommending hyperbaric oxygen, calling the treating radiation oncologist, calling the dentist or oral surgeon who removed the mandibular teeth (should have been elicited in a medical history discussion) to discuss the recent extractions and the potential complications, failing to refer the patient to an oral surgeon for evaluation, failing to perform a proper physical exam or to document a proper physical exam which necessarily required an evaluation of the recent extractions whether or not the patient was given hyperbaric oxygen.

8.

Within a reasonable degree of medical certainty, these breaches of the standard of care caused and contributed to the loss of Mr. Bullington's right mandible, the mandibulectomy and related surgical procedures. To a reasonable degree of medical certainty, the potential for the development of osteoradionecrosis increases over time following the administration of high dose radiation to the mandible. The triggering causes of the development of osteoradionecrosis were primarily the failures of Dr. David N. Strength, Dr. Jon F. Strength and Dr. M.C. Precise. Those failures as described herein also contributed to the onset of severe osteoradionecrosis, pathologic fracture, the loss of the right mandible and mandibulectomy, including the failure to identify the

developing problem on x-ray in September 2013. The failures attributable to Dr. King in his extractions in August 2013 at a time when Mr. Bullington's right mandible should have been evaluated and treated in a different manner contributed to the further development of osteoradionecrosis. The breaches of the standard of care described above relating to the extractions of teeth 30 and 31, and which occurred in the right mandible in August 2010, to a reasonable degree of medical certainty, contributed to the development of some osteoradionecrosis in the area of teeth 30 and 31 by 2013. However, to a reasonable degree of medical certainty, the extractions of teeth 30 and 31, although a breach in the standard of care, are not the primary cause of the loss of Mr. Bullington's mandible and the mandibulectomy because later acts and omissions by Dr. King as well as acts and omissions of Dr. David N. Strength caused and substantially contributed to the loss of the mandible. The breaches attributable to Dr. King and Dr. David N. Strength are noted above. After the extractions of teeth 30 and 31, Mr. Bullington's right mandible generally healed and his right mandible generally stabilized during the three year period following the extractions. An oral surgeon apparently evaluated Mr. Bullington's right mandible in approximately May 2011 and recommended that no further extractions occur for the mandibular teeth. The oral surgeon's advice was apparently communicated to Dr. M.C. Precise. While there was some necrosis at the site of these extractions by 2013, nearly three years had passed by the time Mr. Bullington presented to Dr. King and to Dr. David N. Strength. Within a reasonable degree of medical certainty, had Dr. King or Dr. David N. Strength appropriately assessed Mr. Bullington and recommended the appropriate interventions Mr. Bullington would not have experienced a pathologic fracture, a severe infection, and the loss of his mandible, and ultimately, undergone a segmental mandibulectomy with loss of his entire right mandible and the complications which have ensued.

9.

I hereby state that my opinions are not necessarily an exhaustive list of breaches of the standard of care or the resulting injuries nor are they all of my opinions regarding how these breaches caused the injuries to Mr. Bullington. I understand this affidavit may be used by Mr. Bullington to satisfy the requirements of O.C.G.A. § 9-11-9.1(a) and/or the evidentiary requirements of the State of Alabama in bringing an action against Dr. King, King Family Dentistry, M.C. Precise, Jon F. Strength, David N. Strength and/or Dixieland Dental.

10.

This affidavit is given for any and all purposes allowed under Georgia law or any other applicable law of any other State.

FURTHER AFFIANT SAYETH NOT.

_____
ROBERT K. HUNT, DDS, MD, FACS

Sworn to and subscribed before me,
this _22_ day of _September_, 2015.

_____
Notary Public
My commission expires: _Oct. 31, 2015_

## *CURRICULUM VITAE*

**Robert K. Hunt, DDS, MD, FACS**
**6237 Arnall Court**
**Acworth, Georgia  30101**
**770-529-4302  Home**
**770-402-8876 Cell**

**Practice-**

Riverside Oral & Facial Surgery, P.C.
2001 J L Todd Drive
Rome, Georgia  30161
706-235-5570
Fax 706-235-5238

**Personal-**

Born 08/14/60 , Travis AFB California
Married to Linda J. Peery-Hunt
Children – Christopher Scott, Amelia Blake, Elizabeth Larkin, Meredith Ellis

**Education-**

Cosmetic Surgery Center
Little Rock, Arkansas, July 1995 - December 1995
Cosmetic Surgery Fellowship
Drs. Jim Billie and Roger Anderson

Spartanburg Regional Medical Center
Spartanburg, South Carolina 1994 - 1995
General Surgery Internship

University of Alabama Medical School
Tuscaloosa, Alabama 1992 - 1994
MD Degree

Medical College of Georgia
Augusta, Georgia 1985 - 1989
Oral and Maxillofacial Surgery Residency

Baylor College of Dentistry
Dallas, Texas 1982 - 1985
DDS Degree

Emory University Dental School
Atlanta, Georgia 1981 - 1982
Transferred to Baylor College of Dentistry

Georgia Institute of Technology
Atlanta, Georgia 1978 - 1981
BS in Engineering

**Education -  Continued
Page 2**

**Education- continued**

Clarkston High School
Clarkston, Georgia 1973 - 1976

**Work  Experience-**

Northwest Oral & Maxillofacial Surgery
Marietta, Georgia
January 1996 to June 2010

Georgia Oral and Maxillofacial Surgery
Atlanta, Georgia
July 1989 to August 1992

**Honors/Awards-**

Medical  School
Medical Honor Society
Surgery Award
USMLE Parts I, II, III

Dental School

GPA 3.7/4.0 scale
2nd Scholastic Honors (Class size 142)
Omicron Kappa Upsilon Honor Society
Texas Academy of General Dentistry Award
Pierre' Fauchard Academy Senior Student
Preclinical Achievement Award
National Dental Board Scores – 1-97%, II - 98%

Undergraduate – GA Institute of Technology
GPA 3.8/4.0 scale
National Deans List
Outstanding Young Men of America
Phi Eta Sigma Freshman Honor Society
Deans List – Every Quarter
Rhodes Scholar Nominee

**Societies –**

Delta Sigma Delta Dental Fraternity
American Dental Association
Georgia Dental Association
Northwestern District Dental Society
Georgia Society of Oral & Maxillofacial Surgeons
American Medical Association
Medical Association of Georgia
America Academy of Cosmetic Surgery

**Societies – Continued**
**Page 3**

> American Society of Liposuction Surgery
> American Board of Oral and Maxillofacial Surgery (Diplomat 1991, Recertified 2000)
> American Board of Cosmetic Surgery (Diplomat 1997)
> South Eastern Society of Oral and Maxillofacial Surgeons
> International Association of Oral Maxillofacial Surgery
> American College of Oral & Maxillofacial Surgery
> Academy of Osseointegration
> American College of Surgeons

**License/Boards-**

> American Board of Oral & Maxillofacial Surgery (Board Certified Diplomat, March 1991 – Recertified, September 200, 2011)
> American Board of Cosmetic Surgery (Board Certified Diplomat, April 1997)
> Georgia General Anesthesia License 1989 to present
> Georgia State Medical License 1995 to present
> Texas State Dental License 1985 - 1994
> Arkansas State Medical License 1995 - 1996

**Research/Presentations-**

> "An Overview of Cosmetic Surgery. Paulding County Study Club, January 1997.
> "Maxillofacial Trauma", Trauma Conference, September 27, 1994, Spartanburg Regional Medical Center
> "An Overview of Oral & Maxillofacial Surgery," Larry Mayes Society Meeting October 1993
> "Bimaxillary Advance Osteotomies for Patients with Obstructive Sleep Apnea" 1989 Dr. Robert K. Hunt (2007)

**Hospital Affiliations-**

> Redmond Regional Medical Center
> 501 Redmond Road NW
> Attn: Medical Staff Office
> Rome, Georgia 30165

IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

KENNETH E. BULLINGTON,                   :

    Plaintiff,                           :

                         :

v.                                       :       CIVIL ACTION NO. 15-CV-1422-2

                         :

M. C. PRECISE, DMD, JON F.              :
STRENGTH, DMD, DAVID N.                 :
STRENGTH, DMD, and MICHAEL C.           :
PRECISE, D.M.D., P.A. d/b/a  DIXIELAND  :
DENTAL, and DIXIELAND DENTAL            :

                         :

    Defendants.                          :

## NOTICE OF RELATED CASE
## PURSUANT TO RULE 4.8 OF THE UNIFORM SUPERIOR COURT RULES

COMES NOW, F. Faison Middleton, IV, attorney of record for the Plaintiff in the above-styled case, and pursuant to Uniform Superior Court Rule 4.8, notifies the assigned Judge that there is a related case also filed in the Superior Court of Dougherty County involving some or all of the same subject matter, or some or all of the same factual issues. The other case is styled: Kenneth E. Bullington vs. Charles C. King, Jr., DMD, King Family Dental Care, P.C. and Dr. Charles C. King, Sr., P.C., Superior Court of Dougherty County, CAFN: 15CV684-1. The undersigned also advises the assigned Judge that this other case has settled and appropriate dismissal documents are being prepared and will be filed with the Court.

Respectfully submitted this 30th day of September, 2015.

                               WATSON SPENCE LLP
                               *Attorneys for Plaintiff*

                               By:_____
                                  F. Faison Middleton, IV
                                  Georgia State Bar No.: 504745
                                  fmiddleton@watsonspence.com

Christopher S. Cohilas
Georgia Bar No.: 175377

Alfreda L. Sheppard
Georgia Bar No.: 525106

320 W. Residence Avenue
P. O. Box 2008 (31702)
Albany, Georgia 31701
(229) 436-1545 Telephone
(229) 436-6358 Facsimile

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the within and foregoing document upon the opposing counsel by depositing same in the United States mail in an envelope with adequate postage affixed thereon and addressed as follows:

DIXIELAND DENTAL
c/o M.C. Precise, DMD
15622 South U.S. Highway 231
Midland City, AL 36350

MICHAEL C. PRECISE, DMD, P.A.
d/b/a DIXIELAND DENTAL
c/o M.C. Precise, DMD
15622 South U.S. Highway 231
Midland City, AL 36350

DAVID N. STRENGTH, DMD
15622 South U.S. Highway 231
Midland City, AL 36350

JON F. STRENGTH, DMD
15622 South U.S. Highway 231
Midland City, AL 36350

M.C. PRECISE, DMD
15622 South U.S. Highway 231
Midland City, AL 36350

This the 30th day of September, 2015.

F. Faison Middleton, IV

Civil Action No. __15CV1422-2__

Date Filed _____

Superior Court  [X]

State Court  ☐

3 4

Georgia, DOUGHERTY COUNTY

Kenneth R. Bullington

_____

_____                                    Plaintiff

Attorney's Address
F. Faison Middleton, IV
Watson Spence LLP
P. O. Box 2008
Albany, GA 31702-2008

VS.

M.C. Pracias, DMD, Jon F. Strength, DMD,
David N. Strength, DMD, and Michael C.
Pracias, DMD,PA d/b/a/ Dixieland Dental
and Dixieland Dental                                    Defendant

Name and Address of Party to be Served
Jon F. Strength, DMD (serve individual subject)

15622 South U.S. Highway 231

Midland City, AL 36350

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows:
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the
residence of defendant.

**CORPORATION**

Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____ Jon F. Strength
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to
the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy
of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address
shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer
said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This __28__ day of __Sept__, Yr. __2015__

_____ 26/34

DEPUTY
~~YOUGHBRTYXCOUNTYXGRORGIA~~
DALE COUNTY, ALABAMA

SHERIFF DOCKET _____ PAGE _____

WHITE: Clerk   CANARY: Plaintiff Attorney   PINK: Defendant

SF-2 Rev. 85

Civil Action No. 15CV1422-2

Date Filed _____

Superior Court ☒

State Court ☐

Georgia, DOUGHERTY COUNTY

34

Kenneth E. Bullington
_____

Attorney's Address
F. Faison Middleton, IV
Watson Spence LLP
P. O. Box 2008
Albany, GA 31702-2008

Plaintiff

VS.

W.C. Precise, DMD, Jon W. Strength, DMD,
David N. Strength, DMD and Michael C. Precise,
DMD, PA d/b/a Dixieland Dental and
Dixieland Dental

Name and Address of Party to be Served
David N. Strength, DMD (serve individual subject)

15622 South U.S. Highway 231

Midland City, AL 36350

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the
residence of defendant.

**CORPORATION** ☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to
the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy
of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address
shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer
said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 28 day of _____ Yr. 2015

_____
DEPUTY                    26 34
~~DOUGHERTY COUNTY, GEORGIA~~
DALE COUNTY, ALABAMA

SHERIFF DOCKET _____ PAGE _____

WHITE: Clerk   CANARY: Plaintiff Attorney   PINK: Defendant

BT-2 Rev. 85

Civil Action No. 15CV1422-2

Date Filed _____

Superior Court  XX

State Court  ☐

34

Georgia, DOUGHERTY COUNTY

Kenneth E. Bullington _____

Attorney's Address

F. Faison Middleton, IV
Watson Spence LLP
P. O. Box 2008
Albany, GA 31702-2008

Plaintiff

VS.

Name and Address of Party to be Served
M.C. Preciss, DMD (serve individual subject)

M. C. Preciss, DMD, Jon E. Strength, DMD,
David N. Strength, DMD and Michael C.
Preciss, DMD, P.A. d/b/a Dixieland Dental

15622 South U.S. Highway 231

and Dixieland Dental

Defendant

Midland City, AL 36350

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows:
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the
residence of defendant.

**CORPORATION** ☒ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with X  Michael R. _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to
the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy
of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address
shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer
said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 28 day of Sept Yr. 2015

_____ 26/34
DEPUTY

DALE COUNTY, ALABAMA

SHERIFF DOCKET _____ PAGE _____

WHITE: Clerk   CANARY: Plaintiff Attorney   PINK: Defendant

ST-2 Rev. 88.

Civil Action No. 15CV1422-2

Date Filed _____

Superior Court ☒

State Court ☐

34

Georgia, DOUGHERTY COUNTY

Kenneth R. Bullington _____

Plaintiff

Attorney's Address
F. Faison Middleton, IV
Watson Spence LLP
P. O. Box 2008
Albany, GA 31702-2008

VS.

Name and Address of Party to be Served
Michael C. Precise, DMD, P.A. d/b/a
Dixieland Dental, (serve individual subject)
15622 South U.S. Highway 231

Midland City, AL 36350

M.C. Precise, DMD, Jon W. Strength, DMD,
David N. Strength, DMD, and Michael C.
Precise, DMD, PA d/b/a Dixieland Dental
and Dixieland Dental

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the
residence of defendant.

**CORPORATION** ☒ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _Michael C. Precise_
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to
the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy
of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address
shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer
said summons at the place stated in the summons.

**NON-EST** ☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _28_ day of _Sept_ , yr. _2015_

_____ 24/34
DEPUTY

~~BOUGHERTY COUNTY~~
DALE COUNTY, ALABAMA

SHERIFF DOCKET _____ PAGE _____

WHITE: Clerk   CANARY: Plaintiff Attorney   PINK: Defendant

ST-2 Rev. 85

001/001

10/13/2015 TUE 8:34   FAX 3347742909 Dale Co Sheriff

Civil Action No. 15CV1422-2

Date Filed _____

Superior Court  ☒
State Court  ☐

Georgia, DOUGHERTY COUNTY

Kenneth E. Bullington

Attorney's Address
F. Faison Middleton, IV
Watson Spence LLP
P. O. Box 2008
Albany, GA 31702-2008

Plaintiff

VS.

Name and Address of Party to be Served
Dixieland Dental
c/o M.C. Precise, DMD (serve individual subject)
13622 South U.S. Highway 231

Midland City, AL. 36350

M.C. Precise, DMD, Jon F. Strength, DMD,
David N. Strength, DMD, and Michael C.
Precise, DMD.PA d/b/a Dixieland Dental
and Dixieland Dental
Defendant

34

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the
residence of defendant.

**CORPORATION** ☐
Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____ (Michael Precise)
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to
the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy
of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address
shown in said summons; with adequate postage affixed thereon containing notice to the defendant(s) to answer
said summons at the place stated in the summons.

**NON-EST** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 28 day of Sept , Yr. 2015

_____ 2/0/34
DEPUTY
DALE COUNTY, ALABAMA

SHERIFF DOCKET ____ PAGE ____

WHITE: Clerk   CANARY: Plaintiff Attorney   PINK: Defendant

ST-2 Rev. 85